# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

SIMONETTA VESPUCCI SUTTON,

      Debtor.

_____/

Case No. 18-46980-MLO
Chapter 7
Hon. Maria L. Oxholm

Charles J. Taunt, *Chapter 7 Trustee*,

      Plaintiff,

v.

Mountain High Investments, LLC,
*a Michigan limited liability company*,
Inheritance Funding Group 1, LLC, *a Michigan*
*limited liability company*, Premium Homes
Realty, LLC, *a Michigan limited liability*
*Company*, RealtyShares REO, LLC, *a*
*Delaware limited liability company,* and
Bowman K. Mitchell, *a Utah resident,*

      Defendants.

_____/

Adv. Proc. No.  18-_____

## <u>COMPLAINT</u>

Plaintiff, Charles J. Taunt, Chapter 7 Trustee ("Plaintiff" or "Trustee"),

through his attorneys, The Taunt Law Firm, and for his Complaint against

Mountain High Investments, LLC, Inheritance Funding Group 1, LLC, Premium

1

Homes Realty, LLC, RealtyShares REO, LLC and Bowman K. Mitchell (collectively, the "Defendants"), states as follows:

Parties, Jurisdiction, and Venue

1.      Simonetta Vespucci Sutton (the "Debtor") filed for chapter 7 bankruptcy on May 11, 2018 ("Petition Date") in the United States Bankruptcy Court for the Eastern District of Michigan, thus commencing Bankruptcy Case No. 18-46980-mlo (the "Bankruptcy Case").

2.      Charles J. Taunt (the "Trustee") is the Chapter 7 Trustee in the Bankruptcy Case.  The Trustee is authorized to commence this action pursuant to 11 U.S.C. §323 as the representative of the Debtors' bankruptcy estate (the "Bankruptcy Estate").

3.      The United States District Court for the Eastern District of Michigan has jurisdiction of this case pursuant to 28 USC §1334 and is the proper venue for this case pursuant to 28 U.S.C. §1409.

4.      Pursuant to L.R. 83.50 (E.D. MI), the U.S. District Court for the Eastern District of Michigan has referred this case to this Bankruptcy Court for adjudication.

5.      This case involves real property commonly known as 18327 Muirland, Detroit, MI 48221 which is legally described as Lot 108, Lincolnshire

Subdivision, according to the plat thereof, as recorded in Liber 38, Page 8 of Plats, Wayne County Records (the "Property").

6.     This is an action by the Plaintiff to quiet title to the Property, which is property of the Bankruptcy Estate, or in the alternative, to recover the Property (or the value thereof) by avoiding any transfer of the Property by the Debtor.

7.     This is a core proceeding pursuant to 28 USC §157(b)(2)(E), (H), and (O).

8.     This Court has the constitutional authority to enter a final judgment in this case on the matters asserted in this Complaint.  As required by Fed. R. Bankr. P. 7008, Plaintiff consents to the entry of final orders and judgments in this case by this Bankruptcy Court.

9.     Defendant Mountain High Investments, LLC is a Michigan limited liability company.  Incorp. Services, Inc. is the Resident Agent of Mountain High Investments, LLC and its address is 2285 S. Michigan Rd. PO Box 266 Eaton Rapids, MI 48827.  Upon information and belief, Mountain High Investments, LLC has a principal place of business located at 18530 Mack Avenue, Ste. 339 Grosse Pointe Farms, MI., 48236.  Upon information and belief, its managing member is Robert Shumake, Jr., whose personal address is 4676 Avondale Terrace Bloomfield, Hills, MI 48304.

3

10.     Defendant Inheritance Funding Group 1, LLC is a Michigan limited liability company. Mr. William Walters is the Resident Agent of Inheritance Funding Group 1, LLC.  His office is located at 18530 Mack Avenue, Ste. 339, Grosse Pointe Farms, Michigan 48236.  Upon information and belief, Inheritance Funding Group 1, LLC may also have a business address of 2514 Binghampton Drive, Auburn Hills, Michigan 48326.

11.     Defendant Premium Homes Realty, LLC is a Michigan limited liability company.  Kosai Shamoon is the Resident Agent of Premium Homes Realty, LLC.  His address is 5830 Hartford Way, Brighton, Michigan 48116.

12.     Defendant RealtyShares REO, LLC is a Delaware limited liability company. The Resident Agent of RealtyShares REO, LLC is Harvard Business Services, Inc. located at 16192 Coastal Highway, Lewes, Delaware 19958.

13.     Defendant Bowman K. Mitchell is an individual resident of the state of Utah. He resides at 343 Saddle Road, Grantsville, Utah 84029.

## COUNT I –REQUEST FOR DETERMINATION THAT THE PROPERTY IS PROPERTY OF THE ESTATE AND FOR TURNOVER OF SAME

14.     Plaintiff incorporates all preceding paragraphs of this complaint as though fully set forth herein.

15.     The Plaintiff, Charles J. Taunt, Chapter 7 Trustee, as trustee of the bankruptcy estate of  Simonetta Vespucci Sutton, derives his interest in the

4

Property by operation of 11 U.S.C. §541 as the Property is property of the Bankruptcy Estate.

16.     The chain of title by which the Trustee, standing in the shoes of the Debtor, Simonetta Sutton, claims his interest in the Property is as follows:

> A. Covenant Deed to Delrico Sutton and Simonetta Sutton dated January 16, 2009 and recorded with the Wayne County Register of Deeds on February 4, 2009 at Liber 47697 Page 723-724 (**Exhibit 1**);
>
> B. Quit claim deed from Delrico Sutton to Simonetta Sutton dated September 1, 2016 and recorded with the Wayne County Register of Deeds on October 11, 2016 at Liber 53280, Page 1007 (**Exhibit 2**);

17.     No person, entity, or party can claim a superior interest to the Trustee by way of a prior dated or recorded instrument.

18.     The purported transfer of the Property by the Debtor to Mountain High Investments, LLC on January 20, 2017 via quit claim deed recorded with the Wayne County Register of Deeds on January 31, 2017 at Liber 53497, page 967 (**Exhibit 3**; the "Quit Claim Deed") is ineffective, void, or both.

19.     Specifically, on January 20, 2017, the Debtor had no interest in the Property to convey as a result of a prior bankruptcy case, Case No. 16-51497-mlo

5

(the "Chapter 13 Bankruptcy Proceeding"). As of January 20, 2017, the Debtor had no legal authority or ability to convey any interest in the Property as such ability was vested solely in her then chapter 13 bankruptcy trustee.

20. As such, under applicable Michigan real property law, the Quit Claim Deed was ineffective to transfer any interest in the Property to Mountain High Investments, LLC, as the Debtor had no interest to convey nor any legal authority to convey it.

21. Additionally, or alternatively, under applicable bankruptcy law, the Quit Claim Deed was ineffective to transfer any interest in the Property to Mountain High Investments, LLC, as the transaction is void as being performed in violation of the bankruptcy automatic stay, including but not limited that imposed by 11 U.S.C. §362(a)(3).

22. Pursuant to 11 U.S.C. §349(b)(3), upon the dismissal of the Debtor's Chapter 13 Bankruptcy Proceeding on February 3, 2017, the Property revested with the Debtor.

23. After the dismissal of the Debtor's Chapter 13 Bankruptcy Proceeding, the Debtor's 100% ownership of the Property continued uninterrupted until the Petition Date, when the Property became property of the Bankruptcy Estate in the instant Bankruptcy Case pursuant to 11 U.S.C. §541.

6

24.     Mountain High Investments, LLC and all persons or entities who claim title to, or an interest in, the Property through it, have inferior claims to the Property relative to the Trustee and the Bankruptcy Estate.

25.     Specifically, but without limitation, the Trustee is entitled to have title to the Property quieted in his favor against the following:

a.     Mountain High Investments, LLC as the Quit Claim Deed is ineffective, void, or both for the reasons stated above.

b.     Premium Homes Realty, LLC, which may purport to have an interest in the Property by way of either i) a mortgage from Mountain High Investments, LLC dated January 23, 2017 and recorded with the Wayne County Register of Deeds on July 25, 2017 at Liber 53849, page 268 (**Exhibit 4**; the "Premium Homes Mortgage"), or ii) an assignment of rents dated January 23, 2017 and recorded with the Wayne County Register of Deeds on July 25, 2017 at Liber 53849, page 278 (**Exhibit 5**);

c.     Bowman K. Mitchell, who may purport to have an interest in the Property by way of an assignment of a 50% interest in the Premium Homes Mortgage, which assignment is dated January 23, 2017 and recorded with the Wayne County Register of Deeds on July 25, 2017 at Liber 53849, page 272 (**Exhibit 6**);

7

d.      Inheritance Funding Group 1, LLC, which may purport to have an interest in the Property by way of a Warranty Deed from Mountain High Investments, LLC dated May 19, 2017 and recorded with the Wayne County Register of Deeds on May 25, 2017 at Liber 53746, page 1304 (**Exhibit 7**);

e.      RealtyShares REO, LLC, which may purport to have an interest in the Property by way of either i) an assignment from RS Lending, Inc. (assignment dated October 27, 2017 and recorded with the Wayne County Register of Deeds on January 18, 2018 at Liber 54174, page 982; **Exhibit 8**), of a mortgage from Inheritance Funding Group 1, LLC to RS Lending, Inc. dated May 19, 2017, recorded with the Wayne County Register of Deeds on May 25, 2017 at Liber 53746, page 1340 (**Exhibit 9;** the "RS Lending Mortgage"), or ii) a Sheriff's Deed dated August 16, 2018, whereby RealtyShares REO, LLC was the purchaser at a sheriff's sale after the foreclosure of the RS Lending Mortgage (**Exhibit 10**).

26.     The Plaintiff, having superior title over all Defendants, is entitled to an order quieting title in his favor and for turnover of the Property pursuant to 11 U.S.C. §542 from any person or entity currently claiming an interest in the Property, or in the alternative to turnover, a money judgment for the value of the Property.

**Wherefore**, the Trustee asks that the Court enter judgment in his favor 1) quieting title to the Property in his favor, 2) entering a judgment for turnover of the Property or the value thereof pursuant to 11 USC §542, and 3) award any taxable costs.

## COUNT II – FRAUDULENT TRANSFER
## (PLED IN THE ALTERNATIVE)

27. Plaintiff incorporates all preceding paragraphs of this complaint as though fully set forth herein.

28. To the extent the Quit Claim Deed is not determined to be void or ineffective, and it is given full force and effect, it represents a transfer of an interest of the Debtor in the Property (the "Transfer") which the Trustee seeks to avoid in this Count II.

29. The Transfer rendered the Debtor insolvent, as it was her only non-exempt asset.

30. At the time of the Transfer, the Debtor had already filed a Chapter 13 bankruptcy, had debts beyond her ability to pay, and was otherwise insolvent as her liabilities exceeded her non-exempt assets. Specifically, the Debtor's debts at the time of the Transfer included over $20,000 of debts to creditors who filed claims in her Chapter 13 Bankruptcy Proceeding, plus at least $35,000.00 of other debt which was not filed as a claim in the Chapter 13 Bankruptcy Proceeding.

9

31. The Debtor did not receive reasonably equivalent value in exchange for the Transfer in that, upon information and belief, she transferred it in satisfaction of only $35,000.00 of past due debt.

32. The Property, at the time of the Transfer, was worth at least $200,000.00 based on her Schedule A filed in the Chapter 13 Bankruptcy Proceeding.

33. The extensive value of the Property at the time of the Transfer is further evident based on the fact that, about four months after the Transfer, Mountain High Investments, LLC purportedly sold the Property for $265,000.00 (**Exhibit 7**).

34. The Transfer occurred within the 2 years prior to the Petition Date.

35. The Transfer is avoidable under 11 U.S.C. §548(a)(1)(B).

36. Pursuant to 11 U.S.C. §550(a), the Trustee may recover the Property, or the value thereof, from both Mountain High Investments, LLC as the initial transferee, and from all other Defendants as subsequent transferees.

**Wherefore**, the Trustee asks that the Court enter judgment in his favor 1) voiding the Transfer, 2) entering a judgment for the return of the Property or the value thereof pursuant to 11 U.S.C. §550, and 3) award any taxable costs.

**THE TAUNT LAW FIRM**

/s/ Dean R. Nelson, Jr.
Dean R. Nelson, Jr. (P70818)
Attorneys for Trustee
700 East Maple Road, Second Floor
Birmingham, MI 48009
Dated:  October 18, 2018            (248) 644-7800
dnelson@tauntlaw.com

## Exhibit 1 – Covenant Deed



Bernard J. Youngblood
Wayne County Register of Deeds
February 04, 2009  09:35 AM
Liber 47697 Page 723-724
#2890929840 DD FEE: $10.00

## COVENANT DEED

The Grantor: The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A., as successor to JP Morgan Chase Bank, N.A., as Trustee, (By Residential Funding Company, LLC f/k/a Residential Funding Corporation, Attorney in Fact

Whose address is: 2711 N Haskell Ave, Suite 900, Dallas, TX 75204

Conveys to: Delrico Sutton and Simonetta Sutton, husband and wife,

Whose address is: , 18327 Muirland, Detroit, MI 48221

The following described premises situated in the City of Detroit, County of Wayne, and State of Michigan to wit:

Lot 108, Lincolnshire Subdivision, according to the plat thereof, as recorded in Liber 38 on Page 8 of Plats, Wayne County Records.

More Commonly known as: 18327 Muirland, Detroit, Michigan, 48221
Tax Item No.:      WARD 02 ITEM 003339

For the consideration of FORTY THOUSAND AND 00/100 DOLLARS ($40,000.00)

Subject to building and use restrictions of record.
AND GRANTOR, FOR ITSELF AND ITS SUCCESSORS DOES COVENANT, PROMISE AND AGREE, TO AND WITH GRANTEE, GRANTEE'S HEIRS AND ASSIGNS, THAT GRANTOR HAS NOT DONE OR SUFFERED TO BE DONE ANYTHING WHEREBY THE PREMISES HEREBY GRANTED ARE, OR MAY BE, IN ANY MANNER ENCUMBERED OR CHARGED, EXCEPT AS HEREIN RECITED; AND THAT GRANTOR WILL FOREVER DEFEND TITLE TO THE PREMISES, AGAINST ALL PERSONS LAWFULLY CLAIMING OR WHO MAY CLAIM THE SAME, BY, THROUGH OR UNDER GRANTOR BUT NOT OTHERWISE.

Dated this 16th day of January, 2009

*( See Attached for Signatures)*

 STATE OF
MICHIGAN
Wayne County
February 04, 2009  09:35:00 AM
Receipt # 23139

REAL ESTATE
TRANSFER TAX
$44.00 - CO
$308.00 - ST
Stamp # 121486

Covenant Deed, Page 1 of 2      Loan #7434012142      18327 Muirland, Detroit, Michigan 48221



**Attached to and becoming a part of Covenant Deed for Property commonly known as 18327 Muirland, Detroit, Michigan 48221; File No. 9.0432**

Witnessed:

The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A., as successor to JP Morgan Chase Bank, N.A., as Trustee, (By Residential Funding Company, LLC f/k/a Residential Funding Corporation ~~its Attorney in Fact~~

Witness
CAROLYN L. HILTON

BY:
Gregg M. Buckley

Witness
ANDREA JOHNSON

ITS: Processing Management Jr Officer

State of California
County of ~~Orange~~ SAN DIEGO

On JAN 1 6 2009 before me, ANNE BROSELLE , personally appeared Gregg M. Buckley PMJO who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Anne Broselly_

ANNE BROSELLE
Commission # 1813632
Notary Public - California
San Diego County
My Comm. Expires Sep 18, 2012

Drafted by:
Delrico Sutton and Simonetta Sutton, husband and
Assisted By:
e Title Agency, Inc.
1650 W. Big Beaver
Troy, MI 48084

File Number: 9.0432

REO/Loan Number: 7434012142

Record and Return to: 18327 Muirland Detroit, MI 48221
Delrico Sutton and Simonetta Sutton, husband and

Recording Fee: 30.00
County Transfer Tax: 44.00
State Transfer Tax: 300.00

*END OF DOCUMENT*

**Exhibit 2 – Quit Claim Deed Dated 9/1/2016**

Bernard J. Youngblood
Wayne County Register of Deeds
2016360363
10/11/2016 09:14 AM   L: 53280 P: 1007
                      QCD      Total Pages: 1

## QUIT CLAIM DEED

KNOW ALL MEN BY THESE PRESENTS: That Delrico Sutton and Simonetta Sutton, husband and wife, whose address is 18327 Muirland, Detroit, Michigan 48221 ("Grantor") quit claim to Simonetta Sutton, a married woman, whose address is 18327 Muirland, Detroit, Michigan 48221 ("Grantee") the following described premises situated in the City of Detroit, County of Wayne and State of Michigan, to wit:

Legal Description: LOT 108, LINCOLNSHIRE SUBDIVISION, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN LIBER 38 ON PAGE 8 OF PLATS, WAYNE COUNTY RECORD

Commonly known as: 18327 Muirland, Detroit, Michigan 48221
Parcel No. Ward 08 Item 003339

For the sum of One Dollar ($1.00).

Not subject to the Real Estate Transfer Tax imposed by Act 134 of the Public Acts of 1966, as amended, by reason of the exemption in M.C.L.A. 207.505(a); M.C.L.A. 207.526(a).

Dated this 1st day of September, 2013.

WITNESSES:

By: Delrico Sutton

By: Simonetta Sutton

STATE OF MICHIGAN        )
                         ) ss.
COUNTY OF WAYNE          )

The foregoing instrument was acknowledged before me this 1st day of SEPTEMBER, 2016, by Delrico Sutton and Simonetta Sutton.

Notary Public

Drafted by and when recorded          Send subsequent tax bills to:
return to:                            Grantee
Simonetta Sutton                      Recording Fee: $_____
18327 Muirland                        State Transfer Tax:
Detroit, Michigan 48221               Tax Parcel Nos.:

**Exhibit 3 – Quit Claim Deed Dated 1/20/2017**

Bernard J. Youngblood
Wayne County Register of Deeds
2017032708      L: 53487 P: 987
01/31/2017 12:01 PM   QCD   Total Pages: 1

# QUIT CLAIM DEED



The Grantor(s),  Simonetta Sutton, a single woman

whose address is,  18327 Muirland St., Detroit, Mi., 48221

quit claims to Mountain High Investments, LLC, a Michigan Limited Liability Company

whose address is,  18530 Mack Avenue, Ste 339, Grosse Pointe Farms, Mi., 48236

the following described premises situated in the City of Detroit, County of Wayne and State of Michigan:

　　　Lot 108, Lincolnshire Subdivision, as recorded in Liber 38, Page 8 of plats, Wayne County Records.

　　　also known as Property Address: 18327 Muirland St., Detroit, MI 48221
　　　　　　Ward No., 02, Item No 003339

for the sum of  one dollar(1.00)
Exempt under M.C.L. 207.505.(a) and Exempt under M.C.L. 207.526.(a)

Dated this 20th day of January, 2017.

Signed by:

_Simonetta Sutton_

Simonetta Sutton, a single woman

State of Michigan
County of  Wayne

The foregoing instrument was acknowledged before me this 20th day of January, 2017, by Simonetta Sutton, a single woman

Notary Public _Oakland_ County, Michigan
Acting in _Wayne_ County, Michigan
My commission expires: _8-29-18_.

> John Christopher Cuschieri
> NOTARY PUBLIC - STATE OF MICHIGAN
> COUNTY OF OAKLAND
> My Commission Expires August 29, 2018
> Acting in the County of  Wayne

| When Recorded Return To: | Send Subsequent Tax Bills To: | Drafted By: |
|---|---|---|
| Simonetta Sutton | Grantee | John C Cuschieri |
| 18327 Muirland St. | | 32500 Schoolcraft |
| Detroit, MI 48221 | | Livonia, Mi., 48150 |

| Tax Parcel # | Recording Fee $  15. |
|---|---|
| MTA File # 350091 | |

# 350091

**Exhibit 4 – Mortgage Dated 1/23/2017**

Bernard J. Youngblood
Wayne County Register of Deeds
2017280283    L: 53849 P: 268
07/25/2017 11:28 AM  MTG   Total Pages: 4

# MORTGAGE

THIS MORTGAGE ("Mortgage") is given on January 23, 2017. The mortgagor is Mountain High Investments, LLC, A Michigan limited liability Company, By Robert Shumake, also known as Robert Shumake, Jr., Managing Member, whose address is 4676 Avondale Terrace Bloomfield Hills, Mi. 48304. ("Mortgagor").

This Mortgage is given to Premium Homes Realty, LLC, a Michigan limited liability company, as mortgagee, whose address is 5830 Hartford Way, Brighton, Michigan 48116 ("Mortgagee").

This Mortgage secures to Mortgagee the repayment of a debt due Mortgagee from Mortgagor in the amount of $100,000.00 pursuant to a certain Promissory Note executed between Mortgagor and Mortgagee contemporaneous with this Mortgage ("Debt"). For this purpose, Mortgagor does hereby mortgage, warrants, grants and conveys to Mortgagee, and all of Mortgagee's successors and assigns, with power of sale, the following described property located in the City of Detroit, Wayne County, Michigan:

See Attached Legal Description.
Addendum "A"

Tax I.D. #: 02003339

Commonly known as: 18327 Muirland Detroit, Mi. 48221

together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, water rights and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Mortgage. All of the foregoing is referred to in this Mortgage as the "Property."

Mortgagor and Mortgagee covenant and agree as follows:

1.      Payment of Principal and Interest. Mortgagor shall promptly pay when due the principal of and interest on the Debt pursuant to the Note.

2.      Charges. Mortgagor shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Mortgage. Mortgagor shall promptly furnish to Mortgagee receipts evidencing the payments.

3.      Hazard Insurance. Mortgagor shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire and hazards included within the term "extended coverage." This insurance shall be maintained in an amount no less that the principal due Mortgagee from Mortgagor. The insurance carrier providing the insurance shall be chosen by Mortgagor subject to Mortgagee's approval which shall not be unreasonably withheld. All insurance policies and renewals shall be acceptable to Mortgagee and shall include a standard mortgage loss payable clause with no right to be cancelled or terminated without a 30 day advance written notice to Mortgagee.

#35009!                                                                        4

MINNESOTA TITLE AGENCY

Mortgagee shall have the right to hold the policies and renewals. If Mortgagee requires, Mortgagors shall promptly give to Mortgagee all receipts of paid premiums and renewal notices. In the event of loss, Mortgagor shall give prompt notice to the insurance carrier and Mortgagee. Mortgagee may make proof of loss if not made promptly by Mortgagor.

4.   Preservation and Maintenance of Property. Mortgagor shall not destroy, damage or substantially change the Property, allow the Property to deteriorate or commit waste.

5.   Protection of Mortgagee's Rights in the Property; Mortgage Insurance. If Mortgagor fails to perform the covenants and agreements contained in this Mortgage, or there is a legal proceeding that may significantly affect Mortgagee's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or to enforce laws or regulations), then Mortgagee may do and pay for whatever is necessary to protect the value of the Property and Mortgagee's rights in the Property.

6.   Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements of this Mortgage shall bind and benefit the successors and assigns of Mortgagee and Mortgagor.

7.   Notices. Any notice to Mortgagor provided for in this Mortgage shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Mortgagor at 18327 Muirland Detroit, Mi. 48221. Any notice to Mortgagee shall be given by first class mail to Mortgagee's address stated herein or any other address Mortgagee designates by notice to Mortgagor. Any notice provided for in this Mortgage shall be deemed to have been given to Mortgagor or Mortgagee when given as provided in this paragraph.

8.   Governing Law; Severability. This Mortgage shall be governed by the laws of the State of Michigan. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of the Mortgage or the Note which can be given effect without the conflicting provision. To this end the provisions of this Mortgage and the Note are declared to be severable.

9.   Remedies; Power of Sale. On the occurrence of any default, Mortgagee may, at its sole option, declare the entire Debt immediately due and payable. On the occurrence of any such event of default and Mortgagee's election to accelerate the Debt, Mortgagee shall be authorized and empowered to sell or cause to be sold the Property and to convey them to a purchaser, pursuant to the applicable statute, and out of the proceeds of such sale to retain the moneys due under the terms of this Mortgage and the costs and expenses of the sale, including attorney fees provided for in this Mortgage or by statute, rendering the surplus money, if any, to Mortgagor, as provided by law. In the event of a public sale, the Property may, at the option of Mortgagee, be sold in one or more parcels. Each and every right, remedy, and benefit provided to Mortgagee shall be cumulative and shall not be exclusive of any other right, remedy, or benefit provided in this Mortgage or provided at law or in equity, including, without limitation, the right to seek the appointment of a receiver or to commence judicial foreclosure proceedings.

10.   Release. Upon payment of all sums due Mortgagee, Mortgagee shall prepare and file a discharge of this

Mortgage.

11.    Invalidity. If any term, covenant, or condition of this Mortgage or its application to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of this Mortgage or the application of the term, covenant, or condition to persons or circumstances other than those as to which it is held invalid or unenforceable shall not be affected, and each term, covenant, or condition of this Mortgage shall be valid and be enforced to the fullest extent permitted by law.

12.    Expenses. Any expense, including reasonable attorney fees, reasonably incurred by Mortgagee in protecting its security, in enforcing its rights, or otherwise with respect to the Debt shall become a part of the Debt, shall be immediately due and payable, and shall bear interest at the highest lawful rate from the time incurred until paid.

13.    Binding effect. All of the covenants and conditions shall run with the land, be binding on the successors and assigns of the Mortgagor, and inure to the benefit of the successors and assigns of the Mortgagee. Any reference in this Mortgage to Mortgagee shall include the successors and assigns of the Mortgagee.

14.    Waiver of rights. This Mortgage contains a power of sale that permits Mortgagee to cause the Property to be sold in the event of a default. Mortgagee may elect to cause the Property to be sold by advertisement rather than pursuant to court action, and Mortgagor voluntarily and knowingly waives any right Mortgagor may have by virtue of any applicable constitutional provision or statute to any notice or court hearing before the exercise of the power of sale, except as may be expressly required by the Michigan statute governing foreclosures by advertisement.

By signing below, Mortgagor accepts and agrees to the terms and covenants contained in the Mortgage.

MORTGAGOR

Mountain High Investments, LLC, a Michigan Limited Liability Company, by Robert Shumake, also Known as Robert Shumake, Jr., Managing Member

STATE OF MICHIGAN
COUNTY OF Wayne

The foregoing instrument was acknowledged before me this 23rd day of January, 2017 by Mountain High Investments, LLC, a Michigan Limited Liability Company, by Robert Shumake, also Known as Robert Shumake, Jr., Managing Member.

John Christopher Cuschieri
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
My Commission Expires August 29, 2018
Acting in the County of Wayne

John Christopher Cuschieri

Notary Public, Oakland County, MI
My commission expires: 8-29-18

Drafted by and return to: Kelly Shamoon 5830 Hartford Way Brighton, Michigan. 48116

File No:  350091
Page 3
Effective: 12/05/2016

**ADDENDUM "A"**

LEGAL DESCRIPTION FOR CASE NO. 350091

Land in the City of Detroit, Wayne County, MI  48221

Lot 108, Lincolnshire Subdivision, as recorded in Liber 38, Page 8 of plats, Wayne County Records.

## Exhibit 5 – Assignment of Rents

2017 JAN 31  PM 12:01    2017 FEB 28  AM 11:07    2017 MAR 21  AM 11:01

Bernard J. Youngblood
Wayne County Register of Deeds
2017280266     L: 53849 P: 278
07/25/2017 11:28 AM   ASG    Total Pages: 4

'17 JUL-25 AM11:28

# ASSIGNMENT OF RENTS

THIS ASSIGNMENT is made this January 23, 2017 by and between Mountain High Investments LLC, a Michigan limited liability company, by Robert S Shumake, also known as Robert S. Shumake, Jr., Managing Member, Individually and Collectively, and Premium Homes Realty, LLC, by Kosai Shamoon, Managing Member("Assignor"), *5830 Hartford Way, Brighton, MI 48116 & 4676 Avondale Terrace, Bloomfield Hills, MI 48304* Assignor has executed and delivered to Assignee that certain Promissory Note dated January 23, 2017 in the original principal amount of ($100,000.00) (the "Note"); and

*W*

WHEREAS, assignor is entitled to receive periodic rental payments if Assignor is in default (the"Rental Payments") under the lease dated January 15, 2017 to date in which Assignor is the Landlord and all Tenants, which lease concerns the following described real property (the "Lease"): *See Addendum "A"*

Commonly known as:
18327 Muirland Detroit, Mi. 48221

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Assignor and Assignee agree as follows:

1. Assignor hereby assigns to Assignee all Assignor's right, title, and inter- est in the Rental Payments; Assignor hereby grants to Assignee the right to enforce, at the sole discretion of Assignee, all Assignor's rights under the Lease, including the right to sue for and collect unpaid Rental Payments. In the event Assignee elects not to enforce Assignor's rights under the Lease, Assignee agrees to enforce promptly all of such rights.

2. On or before the first banking day after Assignee receives each Rental Payment, Assignee will apply said Rental Payment to reduce the unpaid balance of the Note and the other Obligations in such manner as Assignee deems fit in its sole discretion. If Tenant makes the Rental Payment by check, Assignee will provisionally apply such payment until there is a final payment of Tenant's check. When there is a final payment of Tenant's check, the provisional application will become a final    pay-

*# 35009/*                                                                4

ment. In the event the Tenant's check is not finally paid, the provisional application of such payment shall be reversed. It is expressly agreed that Assignor's Note and Obligations shall not be reduced or credited until such time as Assignee receives each final Rental Payment. If Tenant fails or refuses to make a Rental Payment, Assignee shall have no obligation to reduce the unpaid balance of Note or Obligation. Assignor's duties to Assignee under the Note and Obligations shall not be excused or modified if Tenant (a) fails or refuses to make Rental Payments, or (b) is delinquent in making any Rental Payment(s).

3.  Nothing herein shall constitute or be construed as a delegation to Assignee of Assignor's duties under the Lease. Assignor shall have the option, but not the duty, to enforce Tenant's obligation to pay Rental Payments. Further, Assignee shall have no obligation to Tenant whatso- ever other than to accept each Rental Payment.

4.  After the unpaid balance of the Note and any renewals, modifications, or extensions thereof, and after the repayment of all other Obligations and debts of Assignor to Assignee, Assignee agrees to assign back to Assignor all Assignee's rights created hereby within ten (10) days of the receipt by Assignee from Assignor of such a written request.

5.  In the event Tenant breaches the Lease, and Assignee exercises its option hereunder to sue to enforce the Lease, Assignor agrees to reim- burse Assignee for all Assignee's costs and reasonable attorney's fees incurred in connection with enforcing the Lease. Such costs and reason- able attorneys' fees may be paid by Assignee from the Rental Payments.

6.  Assignor agrees to instruct Tenant to pay the Rental Payments directly to Assignee.

7.  This Assignment shall be binding upon and shall inure to the benefit of the parties and their respective successors, assigns, heirs and personal representatives.

8.  Assignee's consent to allowing Tenant to make one or more Rental Payments to Assignor is not and shall not be deemed to be a waiver of Assignee's right to directly receive all other Rental Payments.


ASSIGNOR

Mountain High Investments LLC, a Michigan limited liability company, by Robert S Shumake, also known as Robert S. Shumake, Jr., Managing Member, Individually and Collectively

ASSIGNEE

Premium Homes Realty, LLC, by Kosai Shamoon, Managing Member

2

State of michigan
County of Wayne

The Foregoing Instrument was acknowledged before me, this
23rd day of January, 2017 by Mountain High Investments, LLC,
a Michigan Limited Liability company, by Robert S. Shumake, Also
Known as Robert S. Shumake, Jr. managing member* and
Premium Homes Realty, LLC,
By Kosai Shamoon, Managing Member.

John Christopher Cuschieri
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
My Commission Expires August 29, 2018
Acting in the County of: Wayne

John Christopher Cuschieri
John Christopher Cuschieri
Notary Public, Oakland County, MI
My commission expires 8-29-18
Acting in Wayne

Drafted by + Return to: Kelly Shamoon, 5830 Hartford Way, Brighton, MI,
48116.

*Individually and Collectively

ADDENDUM "A"

LEGAL DESCRIPTION FOR CASE NO. 350091

Land in the City of Detroit, Wayne County, MI 48221

Lot 108, Lincolnshire Subdivision, as recorded in Liber 38, Page 8 of plats, Wayne County Records.

## Exhibit 6 – Mortgage Assignment

Bernard J. Youngblood
Wayne County Register of Deeds
2017260284   L: 53849 P: 272
07/25/2017 11:28 AM   ASG   Total Pages: 2

MINNESOTA TITLE AGENCY

## MORTGAGE ASSIGNMENT

Premium Homes Realty, LLC, a Michigan limited liability company, whose address is 5830 Hartford Way, Brighton, Michigan 48116, as Mortgagee, hereby assigns to itself, Premium Homes Realty, LLC, a 50% interest, and Bowman K. Mitchell, an individual, whose address is 343 Saddle Rd, Grantsville, Utah. 84029, a 50% interest in that certain mortgage, dated January 23, 2017, executed by Mountain High Investments LLC, to Premium Homes Realty, LLC, and recorded in the office of the Register of Deeds for Wayne County, Michigan, in Liber ___ Page ___ on January 23, 2017, relative to the real property described on the attached Exhibit A. SEE ATTACHMENT

Date of execution: January 23, 2017

* Liber 53849
Page 268

Premium Homes Realty, LLC

By: Kosai Shamoon
Its: Member

STATE OF MICHIGAN
COUNTY OF _wayne_

The foregoing instrument was acknowledged before me this 23rd day of January, 2017 by Kosai Shamoon, Member of Premium Homes Realty, LLC.

/s/ John Christopher Cuchieri
John christopher cuchieri
Notary public, State of Michigan, County of _Oakland_
My commission expires _8-29-18_
Acting in the County of _wayne_

John Christopher Cuschieri
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
My Commission Expires August 29, 2018
Acting in the County of _wayne_

Drafted by and return to:  Kelly Shamoon 5830 Hartford Way Brighton, Michigan. 48116

# 35009/

2

Exhibit "A"


Land in the City of Detroit, Wayne County, MI 48221

Lot 108, Lincolnshire Subdivision, as recorded in Liber 38, Page 8 of plats, Wayne County Records.

18327 Muirland St.

Tax ID: 02003339

## Exhibit 7 – Warranty Deed

Bernard J. Youngblood
Wayne County Register of Deeds
2017211763          L: 53746 P: 1304
05/25/2017 03:27 PM    WD      Total Pages: 1

MICHIGAN REAL ESTATE TRANSFER TAX
Wayne County  Tax Stamp #443845
05/25/2017

Receipt# 17-183702  L: 53746 P: 1304
State Tax: $1987.50 County Tax: $291.50



## WARRANTY DEED

The Grantor(s), Mountain High Investments LLC, by Simonetta Sutton, Authorized Signor whose address is 2285 S Michigan Rd, Eaton Rapids, MI 48827, convey(s) and warrant(s) to Inheritance Funding Group 1, Grantee(s) whose address is 18327 Muirland, Detroit, MI 48211 the following described premises:

Land situated in the City of Detroit, County of Wayne, State of Michigan, described as follows:

Lot 108, Lincolnshire Subdivision, as recorded in Liber 38, Page 8 of plats, Wayne County Records.

Commonly known as:  18327 Muirland
                    Detroit, MI  48211

Parcel ID: WARD02, ITEM NO.003339.

For the Full Consideration of Two Hundred Sixty Five Thousand and 00/100 Dollar(s) ($265,000.00) subject to building and use restrictions and easements of record, if any.

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining thereto.

SUBJECT to easements and restrictions of record, zoning laws and ordinances affecting the premises, and rights of the public and of any governmental entity in any part thereof taken, used or deeded for street, road, right of way, or highway purposes, and subject to taxes and future installments of special assessments payable hereafter.

Dated this 19th day of May, 2017.

Mountain High Investments LLC

BY: *Simonetta Sutton*
Simonetta Sutton
Authorized Signor

STATE OF Michigan

COUNTY OF Oakland

I, Cindy Benyamien, a Notary Public of the County and State first above written, do hereby certify that Mountain High Investments LLC, by Simonetta Sutton, Authorized Signor, personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal, this the 19th day of May, 2017.

*Cindy Benyamien*
Notary Public, Cindy Benyamien

My Commission Expires:  11/03/22

CINDY BENYAMIEN
Notary Public - State of Michigan
Oakland County
My Commission Expires Nov 3, 2022
Acting in the County of Oakland

(SEAL)

Prepared by:
Mountain High Investments LLC, by Simonetta Sutton,
Authorized Signor
2285 S Michigan Rd
Eaton Rapids, MI 48827

Assisted by:
Regions Title Agency, LLC
560 Kirts Blvd Ste. 115
Troy, MI 48084
File #: 170587

When recorded mail to:
Inheritance Funding Group 1
18327 Muirland  2514 Binghamton Dr.
Detroit, MI 48211 Auburn Hills, MI
                              48326

This is to certify that there are no delinquent property taxes owed to our office. This property for five years prior to the date of this instrument. No representation is made as to the status of any tax liens or titles owed to any other entities.

No. 9853    Tax Rhoton 2016  Not Examined
Date 5-24-17  WAYNE COUNTY TREASURER Clerk

## Exhibit 8 – Assignment of Note

## ASSIGNMENT OF NOTE
### 18327 Muirland Street, Detroit, MI 48221

THIS ASSIGNMENT OF NOTE (this "Assignment") is made as of this 27 day of October 2017 by RS Lending, Inc., a Delaware corporation (the "Assignor"), whose address is 525 Market Street, Suite 2800, San Francisco, CA 94105, to RealtyShares REO LLC, a Delaware limited liability company (the "Assignee").

### WITNESSETH:

WHEREAS, Assignor is the holder of that certain Commercial Interest-Only Promissory Note (Balloon Payment At Maturity) executed by Inheritance Funding Group 1, LLC, a Michigan limited liability company (the "Borrower") dated as of May 19, 2017 (the "Note") securing that certain Purchase Mortgage and Assignment of Rents dated as of May 19, 2017 executed by Borrower on May 19, 2017 (the "Mortgage"), in the original principal sum of One Hundred Eighty Seven Thousand and NO/100 Dollars ($187,000.00), which Mortgage is recorded in the Public Records of Wayne County as instrument number W02I003339S, and which Mortgage encumbers and is a lien upon that certain real property described in the Exhibit "A" attached hereto (the "Premises");

WHEREAS, Pursuant to Section 16 of the Note, Assignor is desirous of assigning said Note, together with the debt therein described and the Mortgage, to Assignee; and

WHEREAS, Assignee is desirous of receiving and holding said Note and the debt therein described, together with the Mortgage from Assignor.

NOW, THEREFORE, for and in consideration of the sum of One Hundred Eighty-Seven Thousand Dollars ($187,000.00) paid by Assignee, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by Assignor, Assignor and Assignee hereby agree to the following:

*Assignment an Assumption.* Assignor hereby does grant, bargain, sell, assign, convey and transfer unto Assignee, its heirs, successors and assigns, forever all of its right, title and interest in, to and under said Note described above, together with the debt, and the Mortgage secured by both; together with any and all rights, interests and appurtenances thereto belonging; subject only to any right and equity of redemption of said Assignor, its successors or assigns in the same.

Governing Law. This Assignment shall be governed, construed and interpreted by, through and under the laws of the State of Illinois.

IN WITNESS WHEREOF, Assignor has executed and delivered this Assignment to Assignee on the date hereof.

**Assignor:**

RS Lending, Inc.,
a Delaware corporation

By: _____
Name:  Nav Athwal _____
Its: _____


**Assignee:**

RealtyShares REO, LLC,
a Delaware limited liability company

By: _____
Name:    Nav Athwal _____
Its: _____

State of California County of  San Francisco )

On Oct. 27, '17 before me, Lawrence Josef Fassler
                                                         (insert name and title of the officer)
personally appeared Nav Athwal
_____, who
proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____(Seal)

LAWRENCE JOSEF FASSLER
Commission # 2066575
Notary Public - California
Los Angeles County
My Comm. Expires May 2, 2018

EXHIBIT "A"

SITUATED IN THE STATE OF MICHIGAN, COUNTY OF Wayne, City of Detroit, AND DESCRIBED AS FOLLOWS:

LOT 108, LINCOLNSHIRE SUBDIVISION, AS RECORDED IN LIBER 38, PAGE 8 OF PLATS, WAYNE COUNTY RECORDS.

TAX PARCEL NO: Ward 02 Item 003339 (NEZ)

PROPERTY ADDRESS:  18327 Muirland Street Detriot, Mi 48221

**Exhibit 9 – Mortgage Dated 5/19/2017**

Bernard J. Youngblood
Wayne County Register of Deeds
2017211770          L: 53746 P: 1340
05/25/2017 03:29 PM   MTG    Total Pages: 16

## MORTGAGE
### (Commercial Purposes)

**THIS MORTGAGE IS A FUTURE ADVANCE
MORTGAGE UNDER APPLICABLE MICHIGAN LAW**

**THIS MORTGAGE COVERS FIXTURES AND IS INTENDED
TO BE FILED AS A UCC FINANCING STATEMENT WITH
THE REGISTER OF DEEDS FOR WAYNE COUNTY, MICHIGAN**

**ESCROW NO.** 170587                          **APN:** W02I003339S

**This Mortgage** (this "*Mortgage*"), is made this 19th day of May, 2017, by and from Inheritance Funding Group 1, LLC, a Michigan limited liability company ("*Mortgagor*"), whose address is 2514 Binghampton Drive, Auburn Hills, Michigan 48326, for the benefit of RS Lending, Inc., a Delaware corporation ("*Mortgagee*"), whose address is 525 Market Street, Suite 2800, San Francisco, CA 94105.

**Witnesseth:** That Mortgagor **HEREBY IRREVOCABLY GIVES, GRANTS, BARGAINS, SELLS, CONVEYS, WARRANTS, TRANSFERS, MORTGAGES, HYPOTHECATES, PLEDGES, SETS OVER, CONFIRMS AND ASSIGNS TO MORTGAGEE, WITH GENERAL WARRANTY OF TITLE AND WITH POWER OF SALE,** the following described property, all accessions and additions thereto, all substitutions therefor and replacements and proceeds thereof, and all reversions and remainders of such property now owned or held or hereafter acquired (collectively, the "*Premises*"): (a) the fee simple interest in those tracts, pieces or parcels of land (and any easements or other rights in land) commonly known as 18327 Muirland Street, Detroit, MI 48221 in Wayne County, with A.P.N. W02I003339S, more particularly described in Exhibit A hereto, (b) all buildings, structures and improvements of every nature now or hereafter situated on such land, (c) all easements, rights-of-way, sewers, water rights, and all other right, title, and interest relating to the Premises, whether now or hereafter acquired, (d) all leases or other occupancy agreements that grant to any person a possessory interest in (or right to use) the Premises, (d) all of the rents, revenues, income or other paid or payable by third parties for possessing, using or otherwise enjoying the

Premises, and (e) all other agreements relating to the construction, use or operation of the Premises (such as construction contracts, permits and licenses), (f) all insurance policies and proceeds (including condemnation proceeds) therefrom covering any of the premises, now or hereafter acquired by Mortgagor, and (g) all rights to control any property owner's association affecting the Premises, whether as "declarant," "originator" or any other positions; SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Mortgagee by the provisions herein to collect and apply such rents, revenues, issues and profits. The assignment of rents, revenues, issues and profits granted herein is made pursuant to, and includes, but is not limited to, all rights conferred by, Act No. 210 of the Michigan Public Acts of 1953 as amended by Act No. 151 of the Michigan Public Acts of 1966 (M.C.L.A. 554.231, et seq.), or Act No. 228 of the Michigan Public Acts of 1925, as amended by Act No. 55 of the Michigan Public Acts of 1933 (M.C.L.A. 554.211, et seq.), whichever is applicable, and pursuant to Act No. 66 of the Michigan Public Acts of 1956 (M.C.L.A. 565.81, et seq.) (collectively and as they may be amended from time-to-time, the "**Assignment Statutes**"). Such assignment shall run with the land and be good and valid as against Mortgagor and those claiming by, under or through Mortgagor, from the date of recording of this Mortgage. Such assignment shall continue to be operative during the foreclosure or any other proceedings taken to enforce this Mortgage. In the event of a foreclosure sale which results in a deficiency, this assignment shall stand as security during the redemption period for the payment of such deficiency. Such assignment is given as collateral security only and does not and shall not be construed as obligating Mortgagee to perform any of the covenants or undertakings required to be performed by Mortgagor as landlord in, under or pursuant to any leases. The assignment of rents provisions set forth in this Mortgage are not intended to evidence an additional recordable event, as may be prohibited by Act 459 of the Public Acts of Michigan of 1996, but rather are included in this Mortgage for purposes of complying with any applicable requirements of the Assignment Statutes.

**For the Purpose of Securing, as a First-Lien Deed:** (1) performance of each agreement of Mortgagor incorporated by reference or contained herein, (2) payment of the indebtedness evidenced by a Commercial Interest-Only Promissory Note of even date herewith in the principal sum of $187,000.00 executed by Mortgagor in favor of Mortgagee (the "*Note*"), together with any and all other indebtedness now owing or which may be owing by Mortgagor to Mortgagee, however incurred (including advances to pay taxes, assessments, and insurance premiums on the premises, the costs of repairing, maintaining, and preserving the premises, and the cost of completing any improvements on the premises), and all renewals and extensions of the note or other indebtedness, including any default interest (collectively, the "*Indebtedness*"). The term "Indebtedness," as defined in this Mortgage shall include, without limitation, any judgment(s) or final decree(s) rendered to collect any money obligations of Mortgagor to Mortgagee and/or to enforce the performance or collection of all covenants, agreements, other obligations and liabilities of the Mortgagor under this Mortgage, the Note, or any or all of the loan documents executed in connection herewith. The obtaining of any judgment by Mortgagee (other than a judgment foreclosing this Mortgage) and any levy of any execution under any such judgment upon the Premises shall not affect in any manner or to any extent the lien of this Mortgage upon the Premises or any part thereof, or any liens, powers, rights and remedies of Mortgagee, but such liens, powers, rights and remedies shall continue unimpaired as before until the judgment or

2

levy is satisfied. Mortgagor has promised to pay this debt with interest-only payments until the principal amount of the debt is repaid in full not later than twelve (12) months. All references herein to "loan documents" shall be deemed to refer to this Mortgage, the Note and any and all other documents executed by Mortgagor, Mortgagee, and any other party in connection with the loan evidenced by the Note and secured hereby.

**THIS FIRST-POSITION DEED IS ASSOCIATED WITH A BALLOON NOTE AND THE FINAL PRINCIPAL PAYMENT OR PRINCIPAL BALANCE DUE UPON MATURITY (EXCEPT TO THE EXTENT PREPAID) IS $187,000.00, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE BENEFICIARY UNDER THE TERMS OF THE NOTE. ANY OTHER DEEDS SECURED BY THE PREMISES SHALL BE SUBORDINATE AND SUBJECT TO THIS DEED.**



to appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Mortgagee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Mortgagee may appear, and in any suit brought by Mortgagee to foreclose this Mortgage.

*Commercial Purpose.* Mortgagor represents and warrants to Mortgagee that Mortgagor has acquired the Premises for commercial purposes, and hereby grants to Mortgagee the right to periodically inspect the Premises to determine that the Premises is being used for business purposes.

*Assignment of Rents.* As further security for the debt herein described, Mortgagor hereby sells, assigns, sets over and transfers to Mortgagee all its right, title and interest in all rents (and revenues of any kind, including, without limitation, any liquidated damages following default under any related leases) that shall hereafter become due or be paid for the use of the Premises;



collect such rents by any appropriate proceedings. Mortgagee is authorized to pay a rental or real estate agent a commission of five percent (5%) for collecting such rents. The net amount of rent so collected shall be applied towards the debt hereby secured

3

*Bankruptcy; Mortgagee as Secured Creditor.*  Mortgagor acknowledges that Mortgagee has taken all actions necessary to obtain, and that, upon recordation of this Mortgage, Mortgagee shall have (to the extent permitted under applicable law) a valid and fully perfected first priority present assignment of such rents and all security for the related leases, and that Mortgagee's interest in the rents shall be deemed to be fully perfected, "choate" and enforced as to Mortgagor and all third parties, including, without limitation, any subsequently appointed trustee in any case under Title 11 of the United States Code (the "***Bankruptcy Code***"), without the necessity of commencing a foreclosure action with respect to this Mortgage, making formal demand for the rents, obtaining the appointment of a receiver or taking any other affirmative action. Mortgagor agrees that (a) this Mortgage shall constitute a "security agreement" for purposes of Section 552(b) of the Bankruptcy Code, (b) the security interest created by this Mortgage extends to property of Mortgagor acquired before the commencement of a case in bankruptcy and to all amounts paid as rents and (c) such security interest shall extend to all rents acquired by the estate after the commencement of any case in bankruptcy.  So long as part of the Indebtedness remains unpaid and undischarged, the fee and leasehold estates to the Premises shall not merge, but shall remain separate and distinct, notwithstanding the union of such estates either in Mortgagor, Mortgagee, any tenant or any third party, by purchase or otherwise.

*Due on Sale.*



constitute a default hereunder and . . . any such sale, transfer or use as security shall

*Subrogation.*  It is agreed that Mortgagee shall be subrogated to all right, title, lien, or equity of all persons to whom it may have paid moneys in settlement of liens, charges, or in acquisition of title for its benefit under this Mortgage or for the benefit and account of Mortgagor at any time as may related to the terms of the Indebtedness.

*Preservation and Maintenance of the Premises.*  Mortgagor hereby covenants, for so long as any part of the Indebtedness remains unpaid, to keep the Premises in as good condition as it now exists and in good condition and repair, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to not remove or demolish any building on said property, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste

4

thereof, not to commit, suffer or permit any act upon said property in violations of law, and to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓;

*Payment of Taxes and Insurance.* Mortgagor hereby covenants, for so long as any part of the Indebtedness remains unpaid, to pay all taxes and assessments that may be liens, encumbrances, and charges upon said premises, as they become due, and with interest where applicable; to keep the improvements on the Premises fully insured against loss or damage by fire and similar hazards (and, if the Premises lies in a designated flood hazard zone, to maintain flood insurance thereon), with loss, if any, to be payable to Mortgagee, and shall deliver such policies of insurance to Mortgagee; and that any tax, assessment, or premium of insurance, not paid when due by Mortgagor, may, without notice to or demand upon Mortgagor, be paid by Mortgagee, without releasing Mortgagor from any obligation thereof, and any sum so paid shall be added to the amount of said principal debt as part thereof, drawing interest from the time of said payment at the rate of eighteen percent (18%) per annum, and shall, together with such interest, be covered by the security of this Mortgage; to pay immediately and without demand all sums so expended by Mortgagee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby, any amount demanded by the Mortgagee not to exceed the maximum allowed by law at the time when said statement is demanded. In the event that Mortgagee receives any money for damages covered by insurance, such money may be retained and applied toward the payment of the Indebtedness or may be paid over, either wholly or in part, to Mortgagor to enable Mortgagor to repair or replace improvements, or for any other purpose, without affecting the lien of this Mortgage for the full amount secured hereby before such damage or such payment took place. Any award of damages or proceeds received in connection with any condemnation for public use of or injury to all or part of the Premises is hereby assigned and shall be paid to Mortgagee, who may apply or release such monies in the same manner and with the same effect as above provided for disposition of proceeds of fire, property or other insurance. Mortgagee are authorized to enter upon the Premises for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Mortgagee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and in exercising any such powers, pay necessary expenses, employ counsel and pay counsel's reasonable fees.

*Waste.* Mortgagor's failure to pay taxes and/or assessments assessed against the Premises, or any installment thereof, or any insurance premium upon policies covering the Premises or any part thereof, as required this Mortgage, shall constitute waste (although the meaning of the term "*waste*" shall not necessarily be limited to such nonpayment), as provided by Act No. 236 of the Public Acts of Michigan of 1961, as amended (M.C.L.A. 600.2927), and shall entitle Mortgagee to all remedies provided for therein. Mortgagor further agrees to and does hereby consent to the

5

appointment of a receiver under such statute, should Mortgagee elect to seek such relief thereunder.

*Hazardous Substances.* Mortgagor shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances (as defined below), or threaten to release any Hazardous Substances, on or in the Premises. Mortgagor shall not do, or allow anyone else to do, anything affecting the Premises that (a) is in violation of any environmental law, (b) creates a condition that could cause or otherwise trigger an environmental cleanup, or (c) due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Premises. Mortgagor shall give Mortgagee prompt notice of any such action or any investigation, claim, demand or other action involving the Premises and any Hazardous Substance. "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by laws relating to health, safety or environmental protection as well as gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials.

*Indemnification.* Mortgagor shall indemnify, defend and hold Mortgagee harmless from and against all liabilities, obligations, claims, damages, penalties, causes of action, costs and expenses (including reasonable attorneys' fees and expenses) imposed upon, incurred by, or asserted against Mortgagee by reason of (i) any failure by Mortgagor to perform or comply with any of the covenants or conditions of this Mortgage or (ii) any accident, injury to or death of persons or loss of or damage to property occurring on or about the Premises or any part thereof, or that arise directly or indirectly from or out of the violation of any environmental laws relating to or affecting the Premises or the actual or alleged presence, release or threat of release of any Hazardous Substances on, in, under or affecting all or any portion of the Premises. If any action, suit or proceeding is brought against Mortgagee by reason of any such occurrence, Mortgagor, upon the written request of Mortgagee, shall at Mortgagor's expense resist and defend such action, suit or will cause the same to be resisted and defended by counsel reasonably acceptable to Mortgagee.

*Mortgagor to Pay Expenses of Mortgagee.* Mortgagor agrees to pay all costs and expenses of Mortgagee, including reasonable attorneys' fees, (i) if Mortgagee finds it necessary or desirable to secure advice of counsel with regard to collection of the Note or protection of its rights under the Note or this Mortgage, (ii) incurred by Mortgagee in having the Premises abandoned by or reclaimed from any estate in bankruptcy, or in attempting to have any stay or injunction against the enforcement or collection of the Note or against foreclosure of the Premises lifted by any bankruptcy or other court, (iii) incurred by Mortgagee if either shall be made a party to or shall intervene in any action or proceeding, whether in court or before any governmental agency, affecting the Premises or the title thereto or the interest of Mortgagee under this Mortgage (including, without limitation, any form of condemnation or eminent domain proceeding). All such sums shall be secured hereby, and are due and payable on demand.

6

*Status of Parties.* The possession of the Premises, during the existence of the Indebtedness, by Mortgagor (or any persons claiming under Mortgagor) shall be that of tenant under Mortgagee during the due performance of all of the aforementioned obligations. In the event of a sale by Mortgagee under the power hereinafter provided or by foreclosure by process of law, then Mortgagor (or any person in possession under Mortgagor) shall then become and be a tenant "holding over" and shall forthwith deliver possession to the purchaser at such sale, or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over.

Neither the enforcement of any of the remedies described herein, the assignment of rents, nor any other remedies afforded to Mortgagee under the Note or any related loan documents shall (i) cause Mortgagee to be deemed or construed to be a mortgagee in possession of the Premises, (ii) obligate Mortgagee to lease the Premises or attempt to do so, or (iii) take any action, incur any expense, or perform or discharge any obligation, duty or liability whatsoever under any of the leases of the Premises or otherwise.

*No Waiver.* By accepting payment of any sum secured hereby after its due date, Mortgagee does not waive its rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

*Event of Default.* The occurrence of any one or more of the following events shall be an event of default hereunder (an "*Event of Default*"):

    (a) *Monetary Default.* Failure to pay when due any sum due pursuant to the Note or this Mortgage within five (5) days of its due date.

    (b) *Breach of Covenants.* Failure to perform or comply with any of the non-monetary covenants, agreements, terms and conditions contained in this Mortgage and/or the Note, and such failure is not cured within ten (10) days of Mortgagor's receipt of notice of such non-performance or non-compliance.

    (c) *Attachment.* If there is an attachment or judicial seizure of any part of the Premises.

    (d) *Bankruptcy.* If Mortgagor shall file a voluntary petition in bankruptcy or be adjudicated insolvent or bankrupt, or shall file any petition or answer seeking any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future federal, state or other statute, law or regulation relating to bankruptcy, insolvency or other relief for debtors, or if Mortgagor shall seek or consent to or acquiesce in the appointment of any trustee, receiver, or liquidator for it or of the Premises, or shall make any general assignment for the benefit of creditors; or if a petition shall be filed against Mortgagor seeking any of the foregoing and shall remain dismissed for sixty (60) days, or if the appointment of any trustee, receiver or liquidator of either Mortgagor or the Premises shall not be discharged within sixty (60) days.

    (e) *Liens.* If any mechanic's or materialmen's lien, or any other lien or encumbrance (including, without limitation, a homeowners' association lien) is filed against the Premises or any portion thereof and such lien is not released of record (by payment or bonding) within thirty (30) days after it is filed.

7

(f) *Control or Dissolution of Mortgagor.* The death or legal incapacity of members of the Mortgagor and the estate or conservatorship, as applicable, of such member does not affirm its obligations within 180 days of the applicable death or incapacity; or if, without the prior written consent of Mortgagee, (i) beneficial ownership of Mortgagor shall change, (ii) Mortgagor shall cause or institute any proceeding for its dissolution, termination or merger, or (iii) any of the ownership interests of Mortgagor is transferred.

*Remedies of Mortgagee.*

(a)    Upon any Event of Default, Mortgagee shall have the right to (i) accelerate the maturity of the Indebtedness by declaring the entire debt to be in default and immediately due and payable, together with accrued interest and all expenses and costs of collection shall be added to the amount of the Indebtedness and as such shall also be covered by the security of this Mortgage, (ii) to have a receiver appointed for the Premises as a part of any proceeding to foreclose on this Mortgage or to enforce any of its terms, or relating to the collection of rents or of any part of the Indebtedness, and Mortgagor agrees to the appointment of such receiver without requiring proof of insolvency, value of the Premises or any other equitable defenses, and to the appointment of such receiver, to the extent permitted by applicable law, (iii) enter the property and take exclusive possession thereof and of all books records and accounts relating thereto or located thereon, and if Mortgagor remains in possession, then Mortgagee may invoke legal remedies to dispossess Mortgagor, (iv) hold, manage, develop, operate, or otherwise use the Premises as Mortgagee may deem reasonable (making such repairs, alternations, additions and improvements and taking other actions as Mortgagee may deem advisable), and apply all rents and other amounts collected by Mortgagee in connection therewith in accordance with this Mortgage and the Note, and (v) seek auction and sale of the Premises through court action or sell the Premises at auction, at the local courthouse, at sheriff's sale, or otherwise pursuant to applicable law, to the highest bidder for cash free from any right of redemption, after advertising the time, terms and place of such sale all other notice being hereby waived by Mortgagor, and Mortgagee or any person on behalf of Mortgagee, or assigns, may bid and purchase at such sale and thereupon execute and deliver to the purchaser or purchasers at such sale a sufficient conveyance of said property in fee simple, which conveyance shall contain recitals as to the happenings of the default upon which the execution of the power of sale herein granted depends, and Mortgagor hereby constitutes and appoints Mortgagee and the agent and attorney-in-fact of Mortgagor to make such recitals, and hereby covenants and agrees that the recitals so to be made by Mortgagee, or assigns, shall be binding and conclusive upon Mortgagor.

(b)    Mortgagor hereby grants power to Mortgagee, in the event of the occurrence of a default by Mortgagor hereunder, to grant, bargain, sell, release and convey the Premises at public auction or venue, and upon such sale to execute and deliver to the purchaser(s) instruments of conveyance pursuant to the terms hereof and to the applicable laws. Mortgagor acknowledges that the foregoing sentence confers a power of sale upon Mortgagee, and that upon the occurrence of a default by Mortgagor this Mortgage may be foreclosed by advertisement as described below and in the applicable Michigan statutes.

8

Mortgagor understands that upon the occurrence of a default, Mortgagee is hereby authorized and empowered to sell the Premises, or cause the same to be sold and to convey the same to the purchaser in any lawful manner, including but not limited to that provided by Chapter 32 of the Revised Judicature Act of Michigan, entitled "Foreclosure of Mortgage by Advertisement," which permits Mortgagee to sell the Premises without affording Mortgagor a hearing, or giving Mortgagor actual personal notice. The only notice required under such Chapter 32 is to publish notice in a local newspaper and to post a copy of the notice on the Premises. By conferring this power of sale upon Mortgagee, MORTGAGOR, FOR ITSELF, ITS SUCCESSORS AND ASSIGNS, AFTER AN OPPORTUNITY FOR CONSULTATION WITH ITS LEGAL COUNSEL, HEREBY VOLUNTARILY, KNOWINGLY AND INTELLIGENTLY WAIVES ALL RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES AND UNDER THE CONSTITUTION AND LAWS OF THE STATE OF MICHIGAN, BOTH TO A HEARING ON THE RIGHT TO EXERCISE AND THE EXERCISE OF THE POWER OF SALE, AND TO NOTICE EXCEPT AS REQUIRED BY THE MICHIGAN STATUTE WHICH PROVIDES FOR FORECLOSURE OF MORTGAGES BY ADVERTISEMENT.

(c) Mortgagee shall collect the proceeds of any such sale, which shall be applied first to the costs and expenses of the sale (including any attorneys' fees and any increased servicing or related fees), then to the entire balance amount of principal and interest due under the Indebtedness, together with the amount of any taxes, assessments, premiums of insurance or other payments theretofore paid by Mortgagee, with eighteen percent (18%) per annum thereon from date of payment, and the remainder, if any, to Mortgagor.

(d) At any time or from time to time, without liability therefore and without notice, and without affecting the personal liability of any person for payment of the Indebtedness, Mortgagee may reconvey any part of said property; consent to the making of any map or plot thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(e) Notwithstanding anything in this Mortgage, the Note, or the loan documents to the contrary, Mortgagee shall be entitled to all rights and remedies that a mortgagee would have under Michigan law or in equity including, but not by way of limitation, the Assignment Statutes, Foreclosure of Mortgages and Land Contracts, M.C.L. Section 600.3101 et seq., Foreclosure of Mortgages by Advertisement, M.C.L. Section 600.3201 et seq., and Article 9 of the Michigan Uniform Commercial Code, M.C.L. 440.9101 et seq. (the "*UCC*") (such laws, as amended, modified and/or recodified from time to time, are collectively referred to herein as the "*Applicable Law*"). In the event of any inconsistency between the provisions of this Mortgage, the Note or the loan documents, and the provisions of Applicable Law, the provisions of Applicable Law shall take precedence, but shall not invalidate or render unenforceable any other provisions of this Mortgage, the Note or the loan documents that can be construed in a manner consistent with Applicable Law. Conversely, if any provision of this Mortgage shall grant to

9

Mortgagee any rights or remedies upon default of the Mortgagor which are more limited than the rights or remedies that would otherwise be vested in the Mortgagee under Applicable Law in the absence of said provision, Mortgagee shall be vested with the rights and remedies granted under Applicable Law.

(f) To the extent the Applicable Law limits (i) the availability of the exercise of any of the remedies set forth in this Mortgage, including without limitation the remedies involving a power of sale on the part of Mortgagee and the right of Mortgagee to exercise self-help in connection with the enforcement of the terms of this Mortgage, or (ii) the enforcement of waivers and indemnities made by Mortgagor, such remedies, waivers, or indemnities shall be exercisable or enforceable, any provisions in this Mortgage to the contrary notwithstanding, if, and to the extent, permitted by the laws in force at the time of the exercise of such remedies or the enforcement of such waivers or indemnities without regard to whether such remedies, waivers or indemnities were enforceable at the time of the execution and delivery of this Mortgage.

(g) In connection with any undertaking to enforce this Mortgage, including actions in advance of, or as an alternative to, filing any foreclosure proceeding or any other judicial action, Mortgagee shall be entitled to recover, as part of the Indebtedness, any attorneys fees, paralegal fees (whether for outside counsel or internal corporate counsel), court costs and any and all other costs and expenses incurred in such attempt to enforce the obligations of Mortgagor set forth in this Mortgage or the other loan documents.

*Right to Make Advances.* Upon any Event of Default, Mortgagee may, at its option, advance or disburse funds for the performance of any term, warranty, covenant, condition, or obligation of Mortgagor hereunder. All sums so advanced or disbursed by Mortgagee for such performance shall be secured hereby and held to be a prior charge to the lien of this Mortgage upon foreclosure, and shall be payable on demand.

*Future Advances.* This Mortgage is a "Future Advance Mortgage" under Public Act 348 of Public Acts of 1990, as amended (M.C.L. Section 565.901 et seq.). All future advances under the Note, this Mortgage and the other loan Documents shall have the same priority as if the future advance was made on the date that this Mortgage was recorded. This Mortgage shall secure all indebtedness of Mortgagor, its affiliates, successors and assigns under the Note, this Mortgage or any of the loan Documents, whenever incurred, indebtedness to be due at the times provided in the Note, this Mortgage and the other loan documents. Notice is hereby given that the indebtedness secured hereby may increase as a result of any advances, voluntary or involuntary, under the Note, this Mortgage or any of the other loan documents, any defaults hereunder by the Mortgagor due to, for example, and without limitation, unpaid interest or late charges, unpaid taxes or insurance premiums which Mortgagee elects to advance, defaults under leases that Mortgagee elects to cure, attorney fees or costs incurred in enforcing the loan documents or other expenses incurred by Mortgagee in protecting the Premises, the security of this Mortgage or Mortgagee's rights and interests.

10

It is Mortgagor's express intention that this Mortgage and the continuing lien and security interest granted hereby, in addition to securing all present Indebtedness and obligations of Mortgagor to Mortgagee, shall extend to all future Indebtedness and obligations of Mortgagor to Mortgagee, whether or not such Indebtedness or obligations are reduced or entirely extinguished and thereafter increased or reincurred, whether or not such Indebtedness or obligations are related to the indebtedness identified above by class, type or kind and whether or not such Indebtedness or obligations are specifically contemplated by Mortgagor and Mortgagee as of the date hereof. The absence of any reference to this Mortgage in any documents, instruments or agreements evidencing or relating to any Indebtedness or obligation secured hereby shall not limit, or be construed to limit, the scope of applicability of this Mortgage.

*Attorney-in-Fact.* Mortgagor hereby irrevocably appoints Mortgagee as its attorney-in-fact, which agency is coupled with an interest, with full authority in the place and stead of Mortgagor, to, in Mortgagee's discretion, (a) execute and/or record any notices of completion, cessation of labor or any other notices that Mortgagee deems appropriate to protect Mortgagee's interest, if Mortgagor shall fail to do so within ten (10) days after written request by Mortgagee, (b) upon the issuance of a deed pursuant to the foreclosure of this Mortgage or the delivery of a deed in lieu of foreclosure, to execute all instruments of assignment, conveyance or further assurance with respect to the leases, rents, and property agreements in favor of Mortgagee of any such deed and as may be necessary or desirable for such purpose, (c) prepare, execute and file or record financing statements, continuation statements, applications for registration and like papers necessary to create, perfect or preserve Mortgagee's security interests and rights in or to any of the Premises, and (d) while any event of default exists, to perform any obligation of Mortgagor hereunder; *provided, however,* that (1) Mortgagee shall not under any circumstances be obligated to perform any obligation of Mortgagor, (2) any sums advanced by Mortgagee in such performance shall be added to and included in the Indebtedness and shall bear interest at the rate hereinabove described, (3) Mortgagee as such attorney-in-fact shall only be accountable for such funds as are actually received by Mortgagee, and (4) Mortgagee shall not be liable to Mortgagor or any other person or entity for any failure to take any action which it is empowered to take under this provision. Mortgagor hereby ratifies and approves all acts of said attorney, and so long as the attorney acts in good faith it shall have no liability to Mortgagor for any act or omission as such attorney.

*Full Payment.* That upon full payment of all obligations secured by this Mortgage, Mortgagee shall release, without warranty, the lien of this Mortgage. The recitals in such release of any matters or facts shall be conclusive proof of the truthfulness thereof.

*Pledge of Loan Docs to Indenture Trustee.* Mortgagor acknowledges that Mortgagee has pledged this Deed, the Note, and any other loan documents reflecting the Indebtedness (the *"Loan Documents"*) to UMB Bank, National Association, a national banking association incorporated and existing under the laws of the United States of America (*"UMB"*). Mortgagee has granted to UMB a security interest in the Loan Documents as security for Mortgagee's obligations under an indenture agreement dated September 10, 2015 between Mortgagee and UMB (the *"Indenture Agreement"*). Mortgagor shall not enter into any agreement to encumber the Loan Documents without UMB's prior written consent, which consent may be withheld in

11

UMB's sole discretion. Upon notice from UMB, Mortgagor shall give copies of any notices or other communications that it sends to Mortgagee to UMB at the same time as such notices or other communications are sent to Mortgagee. Mortgagor acknowledges the powers and proxies granted to UMB, and agrees that UMB shall have the right to exercise any power available to Mortgagee in the event that Mortgagee defaults on its obligations under the Indenture Agreement and shall succeed to the rights of Mortgagee in such event.

*Binding on Successors.* This Mortgage applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Mortgagee shall mean the owner and holder from time to time, including pledgees, of the Note, whether or not named as Mortgagee herein. In this Mortgage, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

*General.* The rights and remedies under this Mortgage shall be separate, distinct and cumulative, none of them shall be in exclusion of any other, and all such rights and remedies are in addition to every other remedy existing now or hereafter, at law or in equity or by statute. No delay on the part of Mortgagee, nor any failure by either of them, to exercise any right, power or privilege hereunder (whether single, partial, or entire) shall operate as a waiver thereof. There are no verbal or other agreements or understandings between Mortgagor and Mortgagee that modify or affect the terms of this Mortgage, and Mortgagor has not relied upon any representations made by the Mortgagee that have not been made in writing in this Mortgage, the Note or the other documents relating to the Indebtedness. In the event of any conflict between the terms of this Mortgage, the Note, and the terms of the other documents relating to the Indebtedness, the terms of this Mortgage shall prevail. This Mortgage and the rights and obligations of the parties hereto shall be governed by and be construed according to the laws of the State of Michigan, without giving effect to the principles of conflicts of laws thereof. This Mortgage shall be deemed to have been drafted jointly by Mortgagor and Mortgagee, and no law or rule requiring the interpretation of uncertainties against a drafting party shall apply. The headings in this Mortgage are for convenience only and shall not to be used in any interpretation of this Mortgage. Any provision of this Mortgage that shall be held by a court of competent jurisdiction to be invalid, void or illegal shall in no way affect, impair or invalidate any other provision or term hereof, and all other provisions or terms hereof shall remain in full force and effect. Whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

*Certain Waivers.* The Mortgagor hereby waives and releases all benefit that might accrue to the Mortgagor by virtue of any present or future law providing for or requiring (i) any appraisement or valuation before sale of any portion of the Premises, (ii) any stay of execution or extension of the time for the enforcement of the collection of the Indebtedness, or the creation or extension of a period of redemption from any sale made in collecting such debt, (iii) exemption of the Premises, or any part of the proceeds arising from any sale thereof, from attachment, levy or sale on execution, or providing for any stay of execution, exemption from civil process or extension of time for payment or any rights of marshalling in the event of any sale hereunder of the Premises, (iv) foreclosure of this Mortgage before exercising any other remedy granted

12

hereunder, and (v) unless specifically required herein, all notices of the Mortgagor's default or of the Mortgagee's election to exercise, or the Mortgagee's actual exercise of any option under this Mortgage or any other loan document. Mortgagor, to the extent permitted by law, also hereby specifically waives and releases all rights of redemption, valuation, appraisement, stay of execution, notice of election to mature (except as expressly provided in any of the loan documents) or declare due the whole of the secured indebtedness, marshalling in the event of exercise by Mortgagee of the foreclosure rights, power of sale, or other rights hereby created, and any defense based on impairment of the collateral.

*Fixture Filing.* It is intended that as to the fixtures, as such term is defined in M.C.L. Section 440.9102(1)(oo), that are part of the Premises, this Mortgage shall be effective as a continuously perfected financing statement filed pursuant to M.C.L. Section 440.9515(7) as a fixture filing from the date of the filing of this Mortgage for record with the Register of Deeds of Wayne County, Michigan. In order to satisfy M.C.L. Section 440.9502, the following information is hereby provided:

> Name of Debtor: Inheritance Funding Group 1, LLC
> Address of Debtor: 2514 Binghampton Drive, Auburn Hills, MI 48326
> Type of Organization: limited liability company
> State of Organization: Michigan
> Organization Number: _____
> Name of Secured Party: RS Lending, Inc.
> Address of Secured Party: 525 Market Street, Ste. 2800, San Francisco, CA 94105
> Record Owner of Property: Owner of Record

*Change in Name or Locations.* The Mortgagor hereby agrees that if the location of any of the Premises changes from the property described on Exhibit A, or if the Mortgagor changes its name, its type of organization, its state of organization (if Mortgagor is a registered organization), its principal residence (if Mortgagor is an individual), its chief executive office (if Mortgagor is a general partnership or non-registered organization) or establishes a name in which it may do business that is not the current name of the Mortgagor, the Mortgagor will immediately notify the Mortgagee in writing of the additions or changes.

*WAIVER OF JURY TRIAL.* **THE MORTGAGOR IRREVOCABLY, KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY WAIVES ANY AND ALL RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR CLAIM OF ANY NATURE RELATING TO THIS MORTGAGE, ANY DOCUMENTS EXECUTED IN CONNECTION WITH THIS MORTGAGE OR ANY TRANSACTION CONTEMPLATED IN ANY OF SUCH DOCUMENTS. THE MORTGAGOR ACKNOWLEDGES THAT THE FOREGOING WAIVER IS KNOWING AND VOLUNTARY.**

The Mortgagor acknowledges that it has read and understood all the provisions of this Mortgage, including the waiver of jury trial, and has been advised by counsel as necessary or appropriate.

13

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**IN WITNESS WHEREOF,** Mortgagor, intending to be legally bound hereby, has executed this Mortgage as of the day and year first above written.

MORTGAGOR:

Inheritance Funding Group 1, LLC,
a Michigan limited liability company

By: _William Walters III_
William Walters, III
Member

STATE OF MICHIGAN        )
                                              ) SS:
COUNTY OF Oakland        )

Before me, a Notary Public in and for the State of M I , personally appeared WILLIAM WALTERS, III, the MEMBER of INHERITANCE FUNDING GROUP 1, LLC, A MICHIGAN LIMITED LIABILITY COMPANY, who, being first duly sworn, acknowledged the execution of the foregoing Mortgage for and on behalf of said Cindy Benyamien , and who, having been duly sworn, stated that the representations therein contained are true.

Witness my hand and Notarial Seal this 19th day of May, 2017.

> CINDY BENYAMIEN
> Notary Public - State of Michigan
> Oakland County
> My Commission Expires Nov 3, 2022
> Acting in the County of Oakland

_Cindy Benyamien_
Notary Public
Cindy Benyamien
Printed Name

I am a resident of Oakland County, M I .                (SEAL)

My commission expires: 11/3/22

14

THIS INSTRUMENT PREPARED BY _Josh Adams_
AND WHEN RECORDED MAIL TO:

Funding Department
c/o RS Lending, Inc.
525 Market Street – Suite 2800
San Francisco, CA  94105
Phone: (415) 663-6298
Loan number: RSL.2016B.477

EXHIBIT "A"

LEGAL DESCRIPTION OF PREMISES

Lot 108, Lincolnshire Subdivision, as recorded in Liber 38, Page 8 of plats, Wayne County Records.

TX WARD #02 ITEM # 003339.
18327 MUIRLAND ST
DET, MI 48211

## Exhibit 10 – Sheriff Deed

FILE DO NOT MAIL

2018 AUG 24 PM 2: 49

Bernard J. Youngblood
Wayne County Register of Deeds
2018254493      L: 54583 P: 1184
08/24/2018 02:49 PM   SHD    Total Pages: 7

MICHIGAN REAL ESTATE TRANSFER TAX
Wayne County Tax Stamp #492657
08/24/2018
Receipt# 18-226738  L: 54583 P: 1184
State Tax: $0.00 County Tax: $229.90



## SHERIFF'S DEED ON MORTGAGE SALE

This Indenture made the 16th day of August, 2018, between La Shana Cooper _____, a Deputy Sheriff in and for Wayne, Michigan, party of the first part and Realty Shares REO LLC, party of the second part (hereinafter called the grantee) whose address is c/o 5900 Canoga Ave., Suite 220, Woodland Hills, CA 91367.

WITNESSETH, that whereas, Inheritance Funding Group 1, LLC, made a certain mortgage to RS Lending, Inc. a Delaware Corporation (hereinafter called the mortgagee), which was duly recorded in Liber 53746, on Page 1340, and was assigned by said mortgagee to Realty Shares REO LLC, as assignee, Wayne County Records

WHEREAS, said mortgage contained a power of sale which has become operative by reason of a default in the condition of said mortgage, and

WHEREAS, no suit of proceedings at law or in equity to recover the debt secured by said mortgage or any part thereof, and

WHEREAS, the party foreclosing has represented that it is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage, and

WHEREAS, by virtue of said power of sale, and pursuant to the statute of the State of Michigan in such case made and provided, a notice was duly published and a copy thereof was duly posted in a conspicuous place upon the premises described in said mortgage that said premises, or some part of them, would be sold on the 16th day of August, 2018* Wayne County Circuit Court Tower in the Coleman A. Young Municipal Center in Detroit in Wayne County, Michigan., that being the place of holding the Circuit Court for Wayne County, whereas the premises are situated and

WHEREAS, pursuant to said notice I did at 11:00 AM in the forenoon on the day aforesaid, expose for sale at the public vendue the said lands and tenements hereinafter described, and on such sale did strike off and sell the said lands and tenements to the grantee for the sum of $209,000.00 (Two Hundred Nine Thousand Dollars and No Cents), that being the highest bid therefore and the grantee being the highest bidder, and

WHEREAS, said lands and tenements are situated in the City of Detroit, Wayne County, Michigan, more particularly described as follows:

Lot 108, Lincolnshire Subdivision, as recorded in Liber 38, Page 8 of Plats, Wayne County Records.

Tax/Parcel I.D. No. Ward 02 Item 003339 (NEZ)

A/K/A 18327 Muirland Street, Detroit, MI 48221
***This instrument is exempt from state transfer tax under MCL 207.526 (v).

If the land being conveyed is unplatted;  This Property may be located within the vicinity of farmland or a farm operation.  Generally accepted agricultural and management practices which may generate noise, dust, odors, and other associated conditions may be used and are protected by the Michigan Right to Farm Act.

The Grantor grants the Grantee the right to make all divisions under section 108 of the land division act, Act 288 of the Public Act of 1967.

**Drafted by and when recorded return to:**
Erica Nichols,
Schneiderman & Sherman, P.C.
23938 Research Drive, Suite 300
Farmington Hills, Michigan 48335
PFS.000004

Drafted on 8/8/2018 11:25 AM/FC – Sheriff's Deed /SSPC PFS.000004
Page 1 of 2

**\*SALE ADJOURNED FROM June 21, 2018 TO August 16, 2018**

Now, this indenture Witnesseth, That I, the Deputy Sheriff aforesaid, by virtue of and pursuant to the statute in such case made and provided, and in consideration of the sum of money so paid aforesaid, have granted, conveyed, bargained and sold, and by this deed do grant, convey bargain and sell unto the grantee, its successors and assigns, Forever, All the estate, right title and interest which the said Mortgagor had in said land and tenements and every part thereof, on the <u>19th day of May, 2017</u> that being the date of said mortgage, or at anytime thereafter, To Have and to Hold the said lands and tenements and every part thereof to the said grantee, its successors and assigns forever, to their sole use, benefit and behoove forever, as fully and absolutely as I the Deputy Sheriff aforesaid, under the authority aforesaid, might, could or ought to sell the same.

**IN WITNESS WHEREOF, I HAVE SET MY HAND AND SEAL, THE DATE AND YEAR FIRST ABOVE WRITTEN.**    Le Shana Cooper
_____    (Seal)
Deputy Sheriff in and for the County of Wayne

STATE OF MICHIGAN
COUNTY OF Wayne        ss.

On this 16th day of August, 2018, before me, a Notary Public in and for said County of Wayne, came Shana Cooper    a Deputy Sheriff of said County, known to me to be the individual described in and who executed the above conveyance, and who acknowledged that he/she executed the same to be his/her free act and deed as such Deputy Sheriff.

_____
Notary Public, Wayne County, Michigan
My Commission expires 1-15-2022
Acting in Wayne County, Michigan

File No. PFS.000004
**Mortgagor Name:** Funding Group 1, LLC
**Property Address:** 18327 Muirland Street, Detroit, MI 48221

REGENIA LYNN STOKES
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
MY COMMISSION EXPIRES JANUARY 15, 2022
ACTING IN THE COUNTY OF _____

**Drafted by and when recorded return to:**
Erica Nichols,
Schneiderman & Sherman, P.C.
23938 Research Drive, Suite 300
Farmington Hills, Michigan 48335
PFS.000004

Drafted on 8/8/2018 11:25 AM/FC – Sheriff's Deed /SSPC PFS.000004
Page 2 of 2

(Affidavit of Auctioneer)

ORIGINAL
*/8-//83*



STATE OF MICHIGAN )
COUNTY OF WAYNE ) ss

La Shana Cooper_____, being first duly sworn, deposes and says that he/she is a Deputy Sheriff of said Wayne county; that he/she acted as auctioneer, and made the sale as described in the annexed deed pursuant to the annexed printed notice; that said sale was opened at 11:00 AM on the 16th day of August, 2018, at Wayne County Circuit Court Tower in the Coleman A. Young Municipal Center in Detroit in Wayne County, Michigan., that that being the place of holding the Circuit Court in said Wayne County, that the highest bid for the land and tenements therein described was the sum of $209,000.00 (Two Hundred Nine Thousand Dollars and No Cents), made by Realty Shares REO LLC, that said sale was in all respects open and fair and that he/she did strike off and sell the said lands and tenements fairly and in good faith, as deponent verily believes.

*SALE ADJOURNED FROM June 21, 2018 TO August 16, 2018

Deputy Sheriff for Wayne County
La Shana Cooper

Subscribed and sworn to before me this 16th day of August, 2018.

Notary Public in Wayne County, Michigan
My Commission Expires 1-15-2022
Acting in Wayne County, Michigan

REGENIA LYNN STOKES
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
MY COMMISSION EXPIRES JANUARY 15, 2022
ACTING IN THE COUNTY OF ____

STATE OF MICHIGAN, )
COUNTY OF WAYNE ) ss.

I DO HEREBY CERTIFY, that the last day to redeem is 02/18/2019, subject to tolling under the provisions of the Servicemembers Civil Relief Act, if applicable, after which, if there has been no redemption, the Sheriff's Deed will become operative unless extinguished pursuant to MCL 600.3238 or unless determined abandoned under MCL 600.3241a, and in the latter case, the redemption period shall be the latter of 30 days from the date of sale or 15 days from the date of posting and mailing of notice of abandonment.

Deputy Sheriff for Wayne County, Michigan
La Shana Cooper

This instrument drafted by:
Erica Nichols (P80833)
Schneiderman & Sherman, P.C.
23938 Research Drive, Suite 300
Farmington Hills, MI 48335

ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest. Please be advised that all third party bidders are responsible for preparing and recording the Sheriff's Deed. SCHNEIDERMAN & SHERMAN, P.C. Hereby expressly disclaims all liability relating to the foreclosure, preparation and recording of the Sheriff's Deed.

File No. PFS.000004
Mortgagor Name Funding Group 1, LLC
Property Address 18327 Muirland Street Detroit, MI 48221

Drafted on 8/8/2018 11:25 AM/FC – Affidavit of Auctioneer /SSPC PFS.000004
Page 1 of 1

Schneiderman & Sherman, P.C., is attempting to collect a debt, any information obtained will be used for that purpose. MORTGAGE SALE -Inheritance Funding Group 1, LLC, granted a mortgage to RS Lending, Inc. a Delaware Corporation, Mortgagee, dated May 19, 2017, and recorded on May 25, 2017, in Liber 53746, on Page 1340, and assigned by said mortgagee to Realty Shares REO LLC, as assigned, Wayne County Records, Michigan, on which mortgage there is claimed to be due at the date hereof the sum of Two Hundred Six Thousand Five Hundred Fifty-Four Dollars and Thirty-Two Cents ($210,698.66). Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue, Wayne County Circuit Court Tower in the Coleman A. Young Municipal Center in Detroit in Wayne County, Michigan. at 11:00 AM o'clock, on June 21, 2018 Said premises are located in Wayne County, Michigan and are described as: Lot 108, Lincolnshire Subdivision, as recorded in Liber 38, Page 8 of Plats, Wayne County Records. The redemption period shall be 6 months from the date of such sale, unless abandoned under MCL 600.3241, in which case the redemption period shall be 1 month, or under MCL 600.3241a 30 days from the date of such sale, or 15 days from the MCL 600.3241a(b) notice, whichever is later, or extinguished pursuant to MCL 600.3238. If the above referenced property is sold at a foreclosure sale under Chapter 32 of Act 236 of 1961, under MCL 600.3278, the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period. Realty Shares REO LLC Mortgagee/Assignee Schneiderman & Sherman, P.C. 23938 Research Drive, Suite 300 Farmington Hills, MI 48335
(5-18)(6-8)

**AFFIDAVIT OF PUBLICATION**

(Affidavit of Publisher)

STATE OF MICHIGAN,
ss.
COUNTY OF OAKLAND

The undersigned, an employee of the publisher of Detroit Legal News, having knowledge of the facts, being duly sworn deposes and says that a notice, a true copy of which is annexed hereto, was published in Detroit Legal News a newspaper circulated in Wayne County on May 18, May 25, June 1, June 8, 2018 A.D.

Cindy C. Lawler

Subscribed and sworn before me on this 8th day of June 2018 A.D.

Jennifer Dado

Notary Public Oakland County, Michigan. My commission expires: January 25, 2019 Acting in Oakland County, Michigan.

Attorney:    Schneiderman & Sherman, P.C. - Schneiderman & Sherman,
AttorneyFile#:    PFS.000004
Notice#:    1351431

PFS.000004

**Schneiderman - Inheritance Funding**

Schneiderman & Sherman, P.C., is attempting to collect a debt, any information obtained will be used for that purpose. MORTGAGE SALE -Inheritance Funding Group 1, LLC, granted a mortgage to RS Lending, Inc. a Delaware Corporation, Mortgagee, dated May 19, 2017, and recorded on May 25, 2017, in Liber 53746, on Page 1340, and assigned by said mortgage to Realty Shares REO LLC, as assigned, Wayne County Records, Michigan, on which mortgage there is claimed to be due at the date hereof the sum of Two Hundred Six Thousand Five Hundred Fifty-Four Dollars and Thirty-Two Cents ($210,698.66). Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue, Wayne County Circuit Court Tower in the Coleman A. Young Municipal Center in Detroit in Wayne County, Michigan. at 11:00 AM o'clock, on June 21, 2018 Said premises are located in Wayne County, Michigan and are described as: Lot 108, Lincolnshire Subdivision, as recorded in Liber 38, Page 8 of Plats, Wayne County Records. The redemption period shall be 6 months from the date of such sale, unless abandoned under MCL 600.3241, in which case the redemption period shall be 1 month, or under MCL 600.3241a 30 days from the date of such sale, or 15 days from the MCL 600.3241a(b) notice, whichever is later, or extinguished pursuant to MCL 600.3238. If the above referenced property is sold at a foreclosure sale under Chapter 32 of Act 236 of 1961, under MCL 600.3278, the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period. Realty Shares REO LLC Mortgagee/Assignee Schneiderman & Sherman, P.C. 23938 Research Drive, Suite 300 Farmington Hills, MI 48335
(5-18)(6-8)

**EVIDENCE OF SALE**

(Affidavit of Posting)

STATE OF MICHIGAN,
    ss.
COUNTY OF OAKLAND

Wendell Byrd being duly sworn, deposes that on the 19th day of May, 2018 A.D, he/she posted a notice, a true copy of which is annexed hereto, in a conspicuous place upon the premises described in said notice by attaching the same in a secure manner to  18327 Muirland Street, Detroit, MI 48221-3713.

_____
Wendell Byrd

Subscribed and sworn before me on this 15th day of August 2018 A.D.

_____
Sheree B. Glynn

Notary Public Oakland County, Michigan. My commission expires: February 5, 2021 . Acting in Oakland County, Michigan.

CHECK IF
- ☐ Multi-Unit
- ☐ Multi-Addr
- ☐ Condo

- ☐ Vacant
- ☐ Upper-Unit    ☐ Lower-Unit
- ☐ Unit 1    ☐ Unit 2
- ☐ Mobile/Manufactured Home

- ☐ Unit A    ☐ Unit B
- ☐ No Dwelling

Attorney Office:  Schneiderman & Sherman, P.C. -
Attorney File#:   PFS.000004
Notice ID:         1351431

PFS.000004

## NON-MILITARY AFFIDAVIT

State of Michigan    }
} ss.
County of Oakland    }

The undersigned, being first duly deposed, says that upon investigation he, is informed and believes that none of those person(s) named in the attached notice of mortgage foreclosure, nor any person upon whom any of those person(s) named were dependent, were in the military service of the United States at the time of sale or for the twelve (12) months prior thereto.

Deponent further states that this affidavit is made for the purpose of preserving a record and clearing title by virtue of (a) the Servicemembers Civil Relief Act (formerly entitled Soldiers' and Sailors' Civil Relief Act of 1940), as amended; (b) the Military Reservist Act of 1991; and (c) Sections 3185 and 3285 of the Michigan Revised Judicature Act (MCL 600.3185 and 600.3285).

Dated this _____ day of _____AUG 0 9 2018_____, 20___

Erica Nichols (P80833), of Schneiderman & Sherman, P.C.
Attorney for Realty Shares REO LLC

Subscribed and sworn to before me this _9_ day of _Aug 20B_

Kelly Young, Notary Public
Macomb County, Michigan
My Commission Expires: September 3, 2023
Acting in Oakland County, Michigan

Drafted on 8/8/2018 11:25 AM/FC – Non-Military Affidavit /SSPC PFS.000004
Page 1 of 1

## AFFIDAVIT OF PURCHASER AT FORECLOSURE SALE
## TO BE RECORDED WITH SHERIFF'S DEED

On _____ AUG 0 9 2018 _____, Erica Nichols, of Schneiderman & Sherman, P.C., an attorney for Realty Shares REO LLC, being duly sworn, states as follows:

1.      This Affidavit is given pursuant to Act No. 538 of Michigan Public Acts of 2004 to amend 1961 Public Act 236 by amending MCL 600.2567, 600.3140, 600.3240, 600.6062 and 600.6066, section 2567 as amended by 2002 Public Act 698 and section 2340 as amended by 2000 Public Act 380.

2.      I am authorized to submit this Affidavit on behalf of Realty Shares REO LLC, (the "Purchaser"). I have knowledge of the facts stated herein and am competent to testify concerning such facts regarding a foreclosure sale scheduled for August 16, 2018, with respect to certain real property commonly known as: 18327 Muirland Street, Detroit, MI 48221. **THIS AFFIDAVIT MAY ONLY BE RECORDED AND USED BY THE PURCHASER DESCRIBED HEREIN IN THE EVENT IT IS THE SUCCESSFUL PURCHASER OF THE PROPERTY. NO OTHER PURCHASER MAY UTILIZE THIS AFFIDAVIT.**

3.      The last day to redeem the Property is 02/18/2019, subject to tolling under the provisions of the Servicemembers Civil Relief Act, if applicable, after which, if there has been no redemption, the Sheriff's Deed will become operative, unless extinguished pursuant to MCL 600.3238 or unless determined abandoned under MCL 600.3241a, and in the latter case the redemption period shall be the latter of 30 days from the date of sale or 15 days from the date of posting and mailing of notice of abandonment.

4.      The amount necessary to redeem the Property is $209,000.00, plus interest at a per diem rate of $64.42 from the date of sale to the date of redemption, plus any additional amounts that may be added pursuant to MCLA Section 600.3240(4). **ANY REDEEMING PARTY SHOULD NOTE THAT THIS AMOUNT MAY INCREASE** to include any amounts paid by the Purchaser described herein for taxes, amounts necessary to redeem senior liens, condominium assessments, homeowner association assessments, community association assessments, insurance premiums, or any other amounts as provided by MCLA 600.3240(4), as well as attorneys fees, costs, and interest thereon at the interest rate specified in the mortgage from the date of the payment to the date of redemption.

5.      The Purchaser described herein has designated Schneiderman & Sherman, P.C. as its designee responsible to assist an appropriate person redeeming the Property in computing the exact amount required to redeem the Property and to receive redemption funds. If you choose to utilize this assistance, please contact our redemption specialists at Schneiderman & Sherman, P.C., 23938 Research Drive, Suite 300, Farmington Hills, Michigan 48335, telephone (248) 539-7400 x 188. Pursuant to statute, a fee of $200.00 will be charged to use the assistance of Schneiderman & Sherman, P.C.

FURTHER DEPONENT SAYETH NOT.

STATE OF MICHIGAN   )
                    )
COUNTY OF OAKLAND)

By: _____
Erica Nichols (P80833), of Schneiderman & Sherman, P.C.
Attorney for Realty Shares REO LLC

On this ___ day of _____ Aug _____, 2018, before me, a Notary Public, personally appeared Erica Nichols, of Schneiderman & Sherman, P.C., an attorney for Realty Shares REO LLC, who executed the above Affidavit of Purchaser and being personally known and duly sworn did acknowledge the same to be his free act and deed.

_____
Kelly Young, Notary Public
Macomb County, Michigan
My Commission Expires: September 3, 2023
Acting in Oakland County, Michigan

**Drafted by and when recorded return to:**
Erica Nichols (P80833)
Schneiderman & Sherman, P.C.
23938 Research Drive, Suite 300
Farmington Hills, Michigan 48335
PFS.000004

Drafted on 8/8/2018 11:25 AM/ FC – Affidavit of Purchaser /SSPC PFS.000004
Page 1 of 1